IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO PELINO, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs | ) | Civil Action No. 16-796 |
| | ) | |
| ROBERT GILMORE, et al., | ) | |
|     Respondents. | ) | |

O R D E R

Petitioner, Vito Pelino, has filed a motion for relief from judgment pursuant to Rule 60(b)(1) and 60(b)(2) (ECF No. 47). Respondents have submitted a response (ECF No. 58) and the motion is ripe for disposition. For the reasons that follow, it will be dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Petitioner had filed a counseled petition for writ of habeas corpus on June 14, 2016. On July 6, 2017, the Court entered a Memorandum Opinion and Order (ECF No. 35) which concluded that Petitioner's claims were procedurally defaulted and also meritless.

On August 5, 2017, Petitioner filed a counseled notice of appeal and the Court of Appeals for the Third Circuit docketed it as C.A. No. 17-2717. On September 21, 2017, Petitioner filed a Motion to Expand the Record, which asked the court to consider an affidavit from his PCRA counsel, Paul Gettleman, in which Gettleman "conceded" his ineffectiveness. On February 5, 2018, the Court of Appeals entered an order denying Petitioner's request for a certificate of appealability. The court stated that:

> For substantially the reasons given by the Magistrate Judge, [Petitioner] has not made a substantial showing of the denial of a constitutional right nor shown that reasonable jurists would find the correctness of the Magistrate Judge's procedural determinations debatable. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

U.S. 473, 484 (2000). [Petitioner's] motion to expand the record is denied without prejudice to [his] seeking any relief that may be available under Federal Rule of Civil Procedure 60.

(C.A. No. 17-2717, order dated Feb. 5, 2018).

On February 9, 2018, Petitioner's counsel filed a motion to withdraw, which the Court of Appeals granted on February 26, 2018. Petitioner filed a pro se motion for rehearing, which the Court of Appeals denied on April 6, 2018.

On March 5, 2018, Petitioner filed a pro se motion under Rule 60(b) in this Court. On May 31, 2018, Respondents filed reply in opposition (ECF No. 58).

In the brief in support of his motion, Petitioner contends that this Court made numerous factual and legal errors in dismissing his habeas corpus petition. Specifically, he argues that: 1) the Court used post hoc rationalization to justify the Commonwealth's prejudicial statement in the closing argument; 2) the Court failed to address his claim of ineffectiveness for failure to impeach the Commonwealth's key witness; 3) the Court erroneously stated that he failed to present any evidence that trial counsel was aware of certain witnesses at the time of trial; 4) the Court erroneously stated that the affidavit of DeDominicis that he presented was not before the trial or appellate courts when it was in fact before them; 5) the Court held that his claims were procedurally defaulted when he presented evidence that his PCRA counsel was ineffective for failing to raise these claims; 6) the Court cited Greer v. Miller, 483 U.S. 756, 765 (1987), without noting that in that case defense counsel did object to the prosecutor's prejudicial remarks and the judge gave a curative instruction, unlike in his case; and 7) he presents newly discovered evidence in the form of an affidavit from his PCRA counsel, who admits his ineffectiveness and thereby would allow his previously defaulted claims to be reviewed de novo.

Petitioner claims that he relies upon Rule 60(b)(1) and 60(b)(2). However, Rule 60(b)(1) refers to relief based on: "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(2) refers to relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Neither provision is applicable to this case. With respect to Rule 60(b)(1), some courts have held that legal error without more cannot be corrected under Rule 60(b) and others have held that legal error may be characterized as a "mistake," but only where the motion is made within the time allowed for appeal. Page v. Schweiker, 786 F.2d 150, 154-55 (3d Cir. 1986). Petitioner did not file his motion within the thirty-day period allowed for appeal. Therefore, he cannot raise legal error in a Rule 60(b)(1) motion now.

With respect to "newly discovered evidence," it consists of an affidavit of his PCRA counsel in which counsel admits his ineffectiveness. However, this evidence would not have changed the outcome of the proceeding because the Court reached the merits of Petitioner's claims and thus his PCRA counsel's ineffectiveness need not serve as a method to excuse procedural default.[1]

Rule 60(b) also allows a court to relieve a party from a final judgment, order or proceeding based on, inter alia, "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). In Gonzalez v. Crosby, 545 U.S. 524 (2005), the question presented was whether, in a habeas case, Rule 60(b) motions are subject to the additional restrictions that apply to "second or successive

---

[1] The Court of Appeals indicated that Petitioner's motion to expand the record to include his PCRA counsel's affidavit was denied without prejudice to him seeking any relief that may be available under Rule 60. This Court has determined that, even considering the affidavit, Petitioner has not demonstrated that he is entitled to relief.

3

habeas corpus petitioner under [AEDPA]..." and concluded, "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim ... such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." 545 U.S. at 531. The Court stated that:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in Harris [v. United States, 367 F.3d 74 (2d Cir. 2004)], will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits,[4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]
>
> [4]The term "on the merits" has multiple usages. See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>
> [5]Fraud on the federal habeas court is one example of such a defect. See generally Rodriguez v. Mitchell, 252 F.3d 191, 199 (2d Cir. 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, see, e.g., supra, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

Id. at 532.

In United States v. Doe, 810 F.3d 132, 152 (3d Cir. 2015), the Court observed that a petitioner's diligence is an "important factor" in differentiating a true 60(b) motion from a successive habeas petition. In addition, to warrant relief from a judgment under Rule 60(b)(6), "extraordinary circumstances" must be demonstrated, which are rarely established in a habeas corpus case. Gonzalez, 545 U.S. at 535. Finally, the Court in Gonzalez held "that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538.

Respondents contend that, in his instant motion, Petitioner seeks to reassert claims of errors that challenge his state court conviction and not that "a defect in the integrity of the federal habeas proceedings occurred." In addition, they contend that the petition fails to present "extraordinary circumstances" that would justify relief. Finally, they argue that the only new issue is the affidavit from his PCRA attorney, but that this does not change the fact that he is challenging this Court's previous resolution of his claims on the merits. Respondents argue that Petitioner's reference to Martinez v. Ryan, 566 U.S. 1 (2012), is irrelevant because Martinez provides a means to excuse procedurally defaulted claims but the Court addressed his claims on the merits.

The Court of Appeals has held that the jurisprudential change rendered by Martinez, without more, does not entitle petitioners to Rule 60(b)(6) relief. Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014). Rather, "what must be shown are extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id. at 115 (quotation omitted).

The court further stated that:

A court need not provide a remedy under 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel.

Furthermore, courts must heed the Supreme Court's observation—whether descriptive or prescriptive—that Rule 60(b)(6) relief in the habeas context, especially based on a change in federal procedural law, will be rare. Gonzalez [v. Crosby], 545 U.S. [524,] 535-36 & n. 9, 125 S.Ct. 2641 [(2005)]. Principles of finality and comity, as expressed through AEDPA and habeas jurisprudence, dictate that federal courts pay ample respect to states' criminal judgments and weigh against disturbing those judgments via 60(b) motions. In that vein, a district court reviewing a habeas petitioner's 60(b)(6) motion may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago. Considerations of repose and finality become stronger the longer a decision has been settled. See id. at 536-37, 125 S.Ct. 2641 (cautioning against 60(b)(6) relief in "cases long since final" and "long-ago dismissals"); id. at 542 n. 4, 125 S.Ct. 2641 (Stevens, J., dissenting) ("In cases where significant time has elapsed between a habeas judgment and the relevant change in procedural law, it would be within a district court's discretion to leave such a judgment in repose.")

Id. at 124-25.

Petitioner was convicted on two charges on June 13, 2012, Martinez was decided on March 20, 2012, and Petitioner did not make his Martinez argument until he filed his request to expand the record at the Court of Appeals on September 21, 2017. Given these dates, considerations of repose and finality are strong. In addition, the procedural arguments do not constitute the "extraordinary circumstances" to warrant equitable relief under Rule 60(b). Finally, and as noted above, the Court reached the merits of Petitioner's claims and did not just reject them on procedural grounds, thus it is irrelevant that his PCRA counsel concedes his ineffectiveness to support Petitioner's argument to excuse the procedural default.

In conclusion, Petitioner has presented a veiled attempt at a second habeas corpus petition rather than a true Rule 60(b) motion. This Court is without jurisdiction to consider it.

AND NOW, this 5th day of June, 2018,

IT IS ORDERED that the motion for relief from judgment filed by Petitioner (ECF No. 47) is dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if Petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.


s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

cc:  Vito Pelino
    KP-4339
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370